**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SCOTT M. KOSITI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 05-1372 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Caiazza |
| PAUL JENNINGS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas
Corpus filed by Scott M. Kositi be dismissed and that a
certificate of appealability be denied.

**II.   REPORT**

Scott M. Kositi ("Kositi" or "the Petitioner"), a state
prisoner, has filed a federal habeas corpus petition challenging
his December, 2000 guilty plea to charges of Possession with
Intent to Deliver a Controlled Substance and Corrupt
Organizations. He is serving an aggregate sentence of seventy
eight months to 156 months imprisonment.

**1. Procedural History.**

Kositi tendered a negotiated plea of guilty to charges of
Corrupt Organizations and Criminal Conspiracy on June 13, 2000.
In return, the Commonwealth dismissed the charge of Possession
with Intent to Deliver and agreed not to seek a mandatory

sentence. Kositi moved to withdraw the plea prior to sentencing,
the motion was granted, and trial on all charges was set for
October 16, 2000. Kositi waited until a jury had been chosen and
again pled guilty on October 16, 2000 -this time to all charges
because the plea agreement had been withdrawn. He was sentenced
on December 12, 2000, at which time he informed the court that he
was "not going to go to trial for something that I did and call
myself a Christian". (Doc. 25, App. B at 51).

Kositi did not seek to withdraw his second guilty plea.
Instead, he sent two letters to the court, one dated December 13,
2000, and the other dated December 17, 2000, in which he
questioned the accuracy of the sentencing guideline ranges for
his offenses. No direct appeal was filed.

On December 12, 2001, Kositi filed a Petition pursuant to
the Pennsylvania Post Conviction Relief Act ("PCRA"). 42 Pa.
Cons. Stat. § 9541, et esq. Counsel was appointed, and an
evidentiary hearing was held at which Kositi and his trial
counsel testified. The trial court denied Koski's request for
PCRA relief on August 20, 2002, finding, inter alia, that Kositi
never requested a direct appeal and, accordingly, trial counsel
did not render ineffective assistance for failing to file an
appeal. The Pennsylvania Superior Court affirmed the trial
court's denial of PCRA relief on August 15, 2003, and expressly
held that trial counsel was not ineffective for failing to file a

2

direct appeal. (Doc. 19, Part 2, App. C). Kositi's subsequent Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on May 25, 2005.

Kositi also filed a Motion to Modify Illegal Sentence in the state courts on May 9, 2005. This Motion was ultimately denied as being untimely in January, 2006, when this petition was already pending. The Superior Court affirmed the denial of relief, finding that it was untimely, but also noted that the underlying claim of an illegal sentence lacked merit in any event. (Doc. 19, App. F).

Kositi now files the instant Petition for Writ of Habeas Corpus in which he raises numerous claims concerning the voluntariness of his guilty plea and the appropriateness and legality of his sentence.

## 2. **Exhaustion**.

Each of the Petitioner's claims could have been raised on direct appeal, but were not, save for his claim that counsel rendered ineffective assistance in failing to file an appeal. Consequently, Kositi did not fairly present his claims to the state courts since he failed to present them on direct appeal. The Petitioner, however, no longer has any procedural means to raise any claims in the state courts because he has already filed a PCRA petition, and his conviction became final more than a year ago. 42 Pa. Cons. Stat. § 9545(b)(1)(a habeas corpus petition,

3

even second or subsequent, must be filed within one year of the
time conviction becomes final). Exhaustion may, therefore, be
excused in this case. Carpenter v. Vaughn, 296 F.3d 138, 146 (3d
Cir. 2002).

**3. Procedural Default.**

Like the exhaustion requirement, the procedural default
doctrine is based upon comity and federalism. The procedural
default barrier rests upon the "independent and adequate state
grounds" doctrine, which dictates that federal courts will not
review a state court decision involving a question of federal law
if the state court decision is based on state law that is
"independent" of the federal question and "adequate" to support
the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

A state's procedural rules are entitled to deference by
federal courts, and a violation of a state procedural rule may
constitute an independent and adequate state ground for denial of
federal review of habeas claims. Coleman, 501 U.S. at 750.
Violations of a state's procedural rules may constitute an
independent and adequate state ground sufficient to invoke the
procedural default doctrine, even where no state court has
concluded that a petitioner is procedurally barred from raising
his claims. Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), cert.
denied, 516 U.S. 1151 (1996).

Federal habeas review is not available to a petitioner whose

4

constitutional claims have not been addressed on the merits due
to procedural default, unless such petitioner can demonstrate:
1) cause for the default and actual prejudice as a result of the
alleged violation of federal law; or 2) failure to consider the
claims will result in a fundamental miscarriage of justice.
Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman, 501 U.S.
at 750.

Here, Kositi has properly presented only one claim to the
state courts  -that trial counsel was ineffective in failing to
file a direct appeal. Kositi's failure to file a direct appeal
caused a waiver of any other claims. Commonwealth v. Bond, 819
A.2d 33, 39 (Pa. 2002)("Even if this Court were to assume that
these two claims of trial error were not previously litigated,
they would be waived under the PCRA since appellant's present
theories could have been presented on direct appeal."); 42 Pa.
Cons. Stat. §9544(b)(issue is waived if petitioner failed to
raise it and the issue could have been raised before trial, at
trial, on appeal, in habeas corpus proceeding, or in prior
proceeding under PCRA).

Each of Kositi's claims, other than his claim that counsel
was ineffective for not filing a direct appeal, is subject to a
state court procedural default which bars review in this court,
absent a petitioner satisfying the "cause and prejudice"
standard. To meet the cause standard, the Petitioner must

demonstrate that some objective factor external to the defense
impeded his efforts to raise the claim in state court. McCleskey
v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S.
478, 488 (1986).  Kositi's sole proffered explanation for his
failure to properly raise his claims in the state court is that
trial counsel failed to act on a request for an appeal which
caused the procedural default.

     Ineffective assistance of counsel may constitute cause for
procedural default. However, neither a deliberate strategic
decision nor an inadvertent failure of counsel to raise an issue
constitutes "cause", unless counsel's performance failed to meet
the Sixth Amendment standard for competent assistance. Engle v.
Isaac, 456 U.S. 107 (1982); Carrier, 477 U.S. at 485-87. Further,
counsel's ineffectiveness will not constitute cause where the
issue not raised lacks merit. See Diggs v. Owens, 833 F.2d 439,
446 (3d Cir.1987)(appellate counsel did not render ineffective
assistance where issues not raised on appeal were without merit);
United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)(same).
Thus, it is Kositi's burden to establish that counsel rendered
ineffective assistance in failing to file a direct appeal before
he can establish cause for his procedural default.

     The standard applicable to this case was explained in Lewis
v. Johnson, 359 F.3d 646 (3d Cir. 2004):

          [C]ounsel [must] advise the defendant about an
          appeal when there is reason to think either (1)

6

Rather, a plea of guilty entered by one fully aware of the direct consequences must stand unless induced by threats, misrepresentation, or improper promises. <u>Mabry v. Johnson</u>, 467 U.S. 504, 509 (1984). It is only when a defendant is not fairly apprised of the direct consequences of pleading guilty that he may challenge his guilty plea under the Due Process Clause. <u>Id</u>. The state courts here properly concluded that Kositi's guilty plea was knowing and voluntary. Hence, he is not entitled to withdraw his plea. Also, with respect to the sentencing claims Kositi presently raises, the Pennsylvania Superior Court has ruled as a matter of state law that he was not sentenced illegally. Therefore, counsel could not have rendered ineffective assistance in failing to file a direct appeal, and Kositi has, accordingly, not established "cause" for his failure to file a direct appeal.

Because Kositi has failed to establish cause for his procedural defaults, the Court need not consider the question of actual prejudice. <u>See</u> <u>Carrier</u>, 477 U.S. 478, 495 (1986).

Although Kositi cannot demonstrate the necessary "cause", this court may nevertheless review his claims if he can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim." <u>McCleskey</u>, 499 U.S. at 495. This court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably

8

resulted in the conviction of one who is actually innocent."
Murray, 477 U.S. at 496. See also Coleman, 501 U.S. at 748;
McCleskey, 499 U.S. at 502. This is not the case here since
Kositi does not assert innocence; he only wants to withdraw his
(second) guilty plea and proceed to trial. Kositi is not entitled
to the "miscarriage of justice" exception to the procedural
default doctrine and review of all of his claims, except his
claim that counsel was ineffective for failing to file a direct
appeal, is barred.

Lastly, for the reasons set out here, the sole claim which
was not procedurally defaulted, i.e., Kositi's claim that counsel
was ineffective for not filing a direct appeal, lacks merit.

**4.  Certificate of Appealability**

"A certificate of appealability may issue . . . only if the
applicant has made a substantial showing of the denial of a
constitutional right." 28 U.S.C. §2253(c). Because Kositi has not
satisfied his burden, a certificate of appealability should be
denied.


In accordance with the Magistrates Act, 28 U.S.C. §
636(b)(1)(B) & (C) and Local Rule 72.1.4 B, the Petitioner is
allowed ten (10) days from the date of service to file written
objections to this Report. Objections are due on or before May
23, 2007.  Failure to timely file objections may constitute a

waiver of any appellate rights.


                              s/Francis X. Caiazza
                              Francis X. Caiazza
                              United States Magistrate Judge

Dated: May 7, 2007


cc:
SCOTT M. KOSITI
EM-2259
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501